UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| JAMES L. PHILLIPS, | ) |
| --- | --- |
| Plaintiff, *pro se*, | ) |
| v. | ) Case No. 1:16-CV-176 JD |
| RANDY YOUNG, TODD MILLER, and DICK COONS, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff James Phillips filed his *pro se* complaint on May 23, 2016. [DE 1] It contained a single allegation: "They destroyed my property that I own by taking the building I own down to the ground." *Id.* at 2.[1] The case proceeded to discovery and Defendants moved for summary judgment on May 17, 2017. [DE 39] Phillips did not respond until after the Court ordered Defendants to remedy their noncompliance with Local Rule 56-1(f), requiring them to give proper notice to Phillips in accordance with *Faulkner*. He eventually responded, albeit unconventionally. [DE 54 at 2]

He also submitted three letters, which the Court construes as motions, requesting default judgment [DE 35], subpoenas for people to testify at trial [DE 48], and "a hearing on [the Defendants] stealing my land" [DE 46].[2] For the reasons stated herein, the Court will grant

---

[1] His prayer for relief is likewise a single sentence: "I want them stopped and off my property and damages." [DE 1 at 3]

[2] Even after the Court struck several of Phillips's early filings for failing to seek specific relief [DE 24], he has flooded the docket with various other papers. The Court has reviewed all of them, but apart from the docket entries mentioned above, these papers are filled with unintelligible ramblings that do not appear to seek any kind of relief. [DE 29, 34, 41-45, 47, 50, 51, 53, 57-60]

1

Defendants' motion for summary judgment and deny Phillips's motions for default judgment,[3] subpoenas, and a hearing as moot.

## STANDARD OF REVIEW

On summary judgment, the moving party bears the burden of demonstrating that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one identified by the substantive law as affecting the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" exists with respect to any material fact when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Where a factual record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)). In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in that party's favor. *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008); *King v. Preferred Tech. Grp.*, 166 F.3d 887, 890 (7th Cir. 1999).

## DISCUSSION

Defendants are all employees of the Town of Redkey, Indiana. They move for summary judgment on two grounds: (1) that Phillips does not own the property at issue, nor did he ever own it; and (2) the doctrine of *res judicata* bars his claim. Defendants identify what they believe to be the property at issue and indicate through their exhibits that the property belongs to

---

[3] The Court granted Defendants until July 15, 2016, to file their answer to Phillips's complaint. [DE 12] They did so on July 11, 2016, several days before that deadline. [DE 15] Thus, they did not fail to "plead or otherwise defend" under Fed. R. Civ. P. 55(a), and so Phillips's "motion" for default judgment will be denied as moot.

Redkey, not Phillips. [DE 40 at 3] In support, they attach corporate quitclaim deeds and a quiet title order indicating that Redkey owns the property. [Exh. A to Motion] They further state that Phillips *never* owned the property he complains about in this lawsuit. Lastly, Defendants point to a 2009 state court lawsuit filed by Phillips against the Redkey Town Board alleging that the Board owed him rent for occupying the same property at issue here. In granting summary judgment for the Board in that case, the state court determined that Phillips has no rights to the property because it is owned by Redkey itself.[4] [Exh. B to Motion]

The bottom line of Defendants' motion is that Phillips does not own the property that makes up the subject matter of his very own lawsuit, and indeed Phillips does not present any evidence to dispute this contention, thus failing to create a material issue of fact here. On October 30, 2017, Phillips responded to Defendants' arguments. [DE 54 at 2] On the *Faulker* notice he received in the mail from Defendants, Phillips underlined the following sentence: "[The summary judgment motion] says that there should not be a full trial because you cannot win some or all of your claims." *Id.* He then hand-wrote his only response directly above: "I'll win them all if you give George Washington's veteran brother a trial by jury like the Constitution says." *Id.*

As the Supreme Court noted in *Celotex*, "[o]nce the moving party has attacked whatever record evidence—if any—the nonmoving party purports to rely upon, the burden of production shifts to the nonmoving party …." *Celotex Corp. v. Catrett*, 477 U.S. 317, 332 n. 3 (1986). The

---

[4] Defendants contend that this earlier state court case bars Phillips's current claims via *res judicata* but they provide little analysis to substantiate this argument (although, the Court recognizes that this may be due in large part to the difficulty in comparing Phillips's claims from case to case because they are so bare-boned). Regardless, the Court need not address whether *res judicata* applies because the sum of Defendants' arguments and exhibits demonstrates that Phillips does not own the very property he complains was destroyed.

nonmovant must either: (1) rehabilitate the evidence attacked in the moving party's papers; (2) produce additional evidence showing the existence of a genuine issue for trial; or (3) submit an affidavit explaining why further discovery is necessary. *Id.* (citing 10A Wright, Miller & Kane § 2727, pp. 138-143). "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial." *Id.* (citing *First Nat'l Bank of Arizona v. Cities Service Co.*, 391 U.S. 253 (1968)).

Phillips's response fails in all regards. Even though his complaint does not identify what specific property he owns, once the Defendants presented evidence of what they contend to be the property at issue, Phillips did not produce any additional information to create a genuine issue of material fact for trial (*i.e.*, that the property Defendants identified is not the property at issue, that Phillips indeed owns the property Defendants identified, etc.). So, the Court is left with the Defendants' submissions: quitclaim deeds and a quiet title decree affirming that Redkey is the owner of the instant property; and a 2009 state court order confirming that Phillips has no rights to the real estate at issue here. Phillips has not created a factual dispute as to these matters that would preclude summary judgment. Therefore, the Court will grant Defendants' motion for summary judgment.

## CONCLUSION

For the reasons stated herein, the Court hereby **GRANTS** Defendants' motion for summary judgment [DE 39] and **DENIES** Plaintiff's miscellaneous requests [DE 35; DE 46; DE 48] as moot. As this Order disposes of all Plaintiff's claims against all Defendants, the Clerk is hereby **DIRECTED** to enter judgment.

4

SO ORDERED.

ENTERED: March 13, 2018

       /s/ JON E. DEGUILIO
Judge
United States District Court